**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 25 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MELANIE D. MANCE,

        Plaintiff-Appellant,

   v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

        Defendant-Appellee.

No.    22-35697

D.C. No. 1:21-cv-00028-KLD

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Kathleen Louise DeSoto, Magistrate Judge, Presiding

Submitted August 23, 2023[**]
Portland, Oregon

Before:  BENNETT, VANDYKE, and H.A. THOMAS, Circuit Judges.

   Melanie Mance appeals the district court's order affirming an Administrative

Law Judge's (ALJ) denial of her claim for Social Security disability benefits. We

have jurisdiction under 28 U.S.C. § 1291. We review the district court's decision

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

de novo and may only overturn the ALJ's decision if it is not supported by substantial evidence or is based on legal error. *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018).

1. The ALJ did not err by not evaluating the frequency of Mance's medical appointments from June 2018 to August 2020 in assessing Mance's residual functional capacity. Mance was "ultimately responsible for providing the evidence to be used in making the [residual functional capacity] finding." *Widmark v. Barnhart*, 454 F.3d 1063, 1068 (9th Cir. 2006); *see* 20 C.F.R. §§ 404.1512(a), 404.1545(a)(3). But she provided no evidence that the frequency, scheduling, or duration of her medical appointments inhibited her ability to work on a regular and continuing basis. The record does not show, for example, that her appointments lasted entire workdays or her medical providers were concerned that she would miss work. *Cf. Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1164 (9th Cir. 2012) (considering medical providers' opinion that claimant "would likely miss multiple days [of work] each month"). On the record before us, the ALJ had no duty to help Mance develop such evidence. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (explaining that an "ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence" (quoting *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001)).

2. Mance's remaining arguments are forfeited, so we do not address them. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (explaining that the "bare assertion of an issue" is insufficient to preserve it (citation omitted)).

**AFFIRMED.**